## In United States District Court
### For the District of Delaware

UNITED STATES OF AMERICA

v.

MALIK SAMUELS,
    Defendant.

Criminal Complaint

CASE NUMBER: 08-53-M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about March 6, 2008 in the District of Delaware, Defendant MALIK SAMUELS did knowingly possess in and affecting interstate or foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,

in violation of Title ___18___ United States Code, Section(s) _922(g)(1) and 924(a)(2)._

I further state that I am a(n) _ATF Task Force Officer and Special Deputy U.S. Marshal_ and that this complaint is based
                                 Official Title
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

_____
David Rosenblum
ATF Task Force Officer and Special Deputy U.S. Marshal

Sworn to before me and subscribed in my presence,

| | |
|---|---|
| March 6, 2008 | at Wilmington, DE |
| Date | City and State |
| Honorable Leonard P. Stark | |
| United States Magistrate Judge | _____ |
| Name & Title of Judicial Officer | Signature of Judicial Officer |

AFFIDAVIT OF PROBABLE CAUSE: ATF Task Force Officer and Special Deputy U.S Marshal David C. Rosenblum

Your affiant Detective David C. Rosenblum has been a Wilmington Police Officer for approximately 9 years and is currently assigned as a Task Force Officer (TFO) with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), whose duties include the investigation into firearms offenses committed in Wilmington, Delaware. Your Affiant has been authorized to seek and execute arrest and search warrants supporting a federal task force through Deputization by the United States Marshal's Service. During this Officer's employment as a Law Enforcement Officer, Your Affiant has authored in excess of 400 felony arrests warrants for crimes, some of which involved illegal narcotics and firearms. Prior to Your Affiant's current assignment, this Officer was assigned to the Wilmington Police Drug, Organized Crime, and Vice Division, Operation Safe Streets Task Force where your affiant has conducted over an estimated 1000 investigations into illegal narcotics and/ or firearms offenses whereby, this Officer seized numerous weapons along with large amounts of narcotics and suspected drug proceeds. During Your Affiant's tenure as a Law Enforcement Officer, Your Affiant has received over 275 days of training from the DOJ, FBI, ATF, DEA, DSP, WPD, DOC, Royal Canadian Mounted Police, North East Counter Drug Training, Homeland Security, California Highway Patrol and other law enforcement agencies. Your Affiant has been qualified in Delaware Superior Court to provide expert testimony on the intent to distribute controlled substances and has testified as an expert in approximately 15 felony drug trials. During the course of previous investigations, Your Affiant has had conversations with federal agents and law enforcement officers with knowledge and/ or expertise in firearms offenses dealing with interstate nexus of firearms crossing state lines thereby affecting interstate commerce.

1. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and conversations with other Wilmington Police Officers.

2. The events stated below occurred on or about 6 March 2008 at or about 0100 hours, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

3. Your affiant learned from a Wilmington Officer that he received information from a Wilmington Police Detective who received the information from a past, proven, reliable source that: 1- a black male who was described by name and wearing a green in color State Property jacket (herein referred to as Subject 1) was leaving the Safari Lounge located on Lancaster Avenue and 2- that Subject 1 was in possession of a firearm.

4. Your Affiant learned from the Wilmington Police Officer referenced in paragraph 3 the following. In furtherance of this investigation, that officer along with an assisting officer responded to the area of the Safari Lounge where they observed two black males exit the Safari Lounge, one of which was wearing a green State Property jacket which matched the description of Subject 1. Further, this officer advised Your Affiant that he is familiar with Subject 1 from previous incidents. Also, this Officer reported to Your Affiant that

he observed Subject 1 and a person later identified as Malik Samuels [herein described as Defendant] earlier in the evening together in the same general area and Subject 1 was wearing the same described jacket.

5. Your Affiant learned from the Wilmington Police Officer referenced in paragraph 3 the following. After receiving the call from the detective referenced in paragraph 3, this Officer along with his partner responded to the area of the Safari Lounge where they reported observing Subject 1 and the Defendant exit the Safari Lounge. Upon observing Subject 1 and the Defendant, they stopped their marked patrol vehicle near Subject 1 and the Defendant and the officers exited the vehicle. Upon observing the officers who were wearing patrol uniforms exit a marked patrol vehicle, the officers observed the Defendant remove a silver object from his waistband and discard the item underneath a parked vehicle. When the object hit the ground, it made a metallic thud. The Officer reported that after discarding the object the Defendant walked a few more feet then placed his hands in the air. The Officer reported that when he saw the object he immediately recognized the object as a firearm at which time both males were taken into custody. The officer reported he was able to maintain an unobstructed view of the firearm and further that no pedestrians other than assisting Wilmington Police Officers were in, or near the vicinity from which the firearm was recovered. The firearm was recovered by Wilmington Police and the Officer referenced in paragraph 3 advised Your Affiant that the firearm was a Smith and Wesson 38 caliber model 64-1 bearing serial number D759789 with five live rounds and one spent cartridge in the cylinder. The reporting officer advised the firearm appeared operable and in working order.

6. Your Affiant reviewed the Delaware Justice Information System Database (DELJIS) and verified the defendant has two Felony Convictions, Possession with Intent to Deliver a Schedule I Controlled Substance on/ or about 25 September 2006 and Carrying a Concealed Deadly Weapon on or about 3 January 2006, both in New Castle County Superior Court and Your Affiant knows that both convictions are punishable by imprisonment for a term of exceeding 1 year.

7. From my training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your affiant believes that the above described weapon is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate commerce.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated:(1) 18 U.S.C. 922(g), by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint charging this offense.

_____
David C. Rosenblum
Task Force Officer, ATF
Special Deputy U.S. Marshal


Sworn to and subscribed in my presence
this 6th day of March 2008
_____
The Honorable Leonard P. Stark
United States Magistrate Judge